## JOHN RASKE, JR., v. COMMONWEALTH.

**Criminal Law—Murder.**

Where one being present engaged in the strife that results in the death of a party, although he has the right to interfere to preserve the peace and to protect his relative from the assault of the deceased, he has no right to use more force than is reasonably necessary for that purpose.

**Separate Trial—Election by the State.**

Where two persons are jointly indicted, and one asks for a separate trial, the commonwealth has the right to select which of the two shall be first tried.

### APPEAL FROM GREENUP CRIMINAL COURT.

December 21, 1880.

OPINION BY JUDGE PRYOR:

It is shown in this case that the accused was present, and engaged in the strife that resulted in the death of Fowler; and while he had the right to interfere to preserve the peace and to protect his relative from the assault of Fowler, he had no right to use more force than was necessary for that purpose. In the instructions given we think the law was properly presented to the jury, and certainly no instruction that can be regarded as prejudicial to the rights of appellant.

In instruction No. 3 the law of manslaughter is properly defined; and in instruction No. 4 the jury were authorized to fix the punishment at fine and imprisonment, and of this the commonwealth might have complained and not the accused.

Instruction No. 5 went fully as far as the facts of this case authorized the court to go in determining what means the accused had the right to adopt, in order to preserve the peace and to prevent the infliction of great bodily harm on William Raske by the deceased. We see nothing in the evidence permitted to go to the jury, or any that was refused, prejudicial to the accused. The fact of the killing is clearly established by a preponderance of the testimony, and the right of the accused to an acquittal depended upon the facts occurring at the time, although evidence of what was said by old man Raske to the witness may have been improper to go to the jury; still it is shown that the witness himself made the proposition to accept the bribe, and in our opinion the jury could have attached no

importance to it. It was not error to instruct in regard to murder, as the evidence authorized the submission of such an issue to the jury. As a separate trial was demanded the commonwealth had the right to select which of the two should be first tried. The whole law of the case was embodied in the instructions given, and the substantial rights of the accused have not been prejudiced.

Judgment *affirmed*.

*E. F. Dulin, Roe & Roe, L. T. Moore, for appellant.*
*Moss, for appellee.*